J-S18018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ESTATE OF GEORGE H. SCHNELLER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: JAMES D. SCHNELLER | No. 1981 EDA 2016 |

Appeal from the Order Entered May 25, 2016
in the Court of Common Pleas of Chester County Orphans' Court
at No(s): File No. 1501-1759

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED JULY 12, 2017**

Appellant, James D. Schneller, appeals *pro se* from the order entered in the Chester County Court of Common Pleas denying exceptions to the order denying his "motion to dissolve the preliminary injunction entered on June 10, 2009." We dismiss the appeal.

We recite the procedural history of this case relevant to the instant appeal. On June 10, 2009, the orphans' court entered the following order:

> AND NOW, this 10th day of June, 2009, James Schneller's *pro se* Application to Proceed in Forma Pauperis filed June 4, 2009 is DENIED.
>
> The administration was completed in both estates[1] per the Status Reports filed in each estate on February 4,

---

[*] Former Justice specially assigned to the Superior Court.

[1] The court is referring to the Estate of Marjorie C. Schneller which is also before this panel on appeal from the May 25, 2016 order. As Appellant notes, "the briefs filed in these appeals . . . are identical except for the caption." Appellant's Brief at 8.

2005, and the Clerk of the Orphans' Court is directed to refuse all further petitions or pleadings that attempt to re-open either estate.

R.R. at 35a.[2]

On March 22, 2016, Appellant filed a "motion to dissolve the injunction" entered on June 10, 2009. *Id.* at 69a. On April 19, 2016, the court denied the motion.[3] On May 6, 2016, Appellant filed exceptions to the April 19th order. *Id.* at 80a. On May 25, 2016, the court denied the exceptions. *Id*. at 87a. This appeal followed.

Appellant raises the following issue on appeal:

> Has the trial court, in the decision to deny motion to dissolve injunction and to deny exceptions to that denial, shown legal error, partiality, pre-judgment, abuse of discretion, unreasonable and inaccurate application of law, and failure to make factual findings supported by competent evidence, at a level requiring reversal by the court?

Appellant's Brief at 7.

The issue raised in the instant appeal is identical to the issue raised in Appellant's appeal in the estate of Marjorie C. Schneller. ***See Estate of***

---

[2] For the parties' convenience, we refer to the reproduced record where applicable.

[3] The court, noting that the administration of the estates was completed on February 4, 2005, found that Appellant's "present motion to dissolve 'Injunction' is another attempt to relitigate or reopen the estates." R.R. at 79a.

***Marjorie C. Schneller***.    We   rely   on   the   reasoning   in   the   ***Estate of***

***Marjorie C. Schneller*** to find that the instant appeal should be dismissed.

Appeal dismissed.  Application for mandamus denied.


Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: _7/12/2017_